Frank C. Rothrock (SBN: 54452)
Natasha L. Mosley (SBN: 246352)
SHOOK, HARDY & BACON L.L.P.
5 Park Plaza, Suite 1600
Jamboree Center
Irvine, California 92614
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
nmosley@shb.com

Ross A. Dannenberg, Esq. (*pro hac vice* application pending)
BANNER & WITCOFF, LTD.
1100 13th Street, NW, Suite 1200
Washington, Dc 20005
Telephone: (202) 824-3000
Facsimile: (202) 824-3001

Attorneys for Plaintiff Jagex Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAGEX LIMITED,

Plaintiff,

vs.

DOES 1-10,

Defendants.

Case No. 8:11-cv-00969-CJC-MLG
Judge: Hon. Cormac J. Carney
Ctrm: 9B

**[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

[Filed concurrently with Notice of *Ex Parte* Application and Declaration of Daniel Clough]

The *Ex Parte* Application Plaintiff Jagex Limited ("Jagex") for leave to take immediate discovery came before the Court. The Court, having reviewed all of the pleadings in this matter, and good cause appearing therefor, hereby orders that the *Ex Parte* Application is GRANTED.

IT IS HEREBY ORDERED that Plaintiff may serve immediate discovery on PayPal Inc. ("PayPal") to obtain the identity of John Does 1-10

("Defendants"), by serving a Rule 45 subpoena that seeks information sufficient to identify the Defendants, including the names, addresses, telephone numbers, e-mail addresses, Media Access Controls (MAC) and Internet Protocol (IP) addresses, and any other information reasonably believed to assist in the personal identification of Defendants.

IT IS FURTHER ORDERED THAT in the event the discovery obtained from PayPal is insufficient to provide complete identifying information of the Defendant, the Plaintiff may serve immediate discovery of the same or similar scope on any Internet Service Provider (ISP) for the Defendants that may be identified from the information provided by PayPal or otherwise obtained.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights under the Digital Millennium Copyright Act, preventing Defendants from engaging in further violations of the DMCA, and as otherwise asserted in the Complaint.

Without such discovery, Plaintiff cannot identify the Defendants and third-party infringers, and thus cannot pursue its lawsuit to protect its copyrighted works from repetitive infringement and misuse.

Dated:

United States Magistrate Judge